## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

**Case No.:**

DORA A. MARTINEZ

    Plaintiff,

                                             **COMPLAINT**

v.

TRANSUNION, EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX INFORMATION
SERVICES, SELENE FINANCE,
NEWREZ, LLC dba SHELLPOINT MORTGAGE
SERVICING, TARGET CORPORATION, AND
US BANK, N.A.

                               **DEMAND FOR JURY TRIAL**

    Defendants.

_____/

## COMPLAINT

Plaintiff Dora A. Martinez, ("Plaintiff") sues Defendant Trans Union, LLC, Defendant Experian Information Solutions, Inc., Defendant Equifax Information Systems, LLC, Defendant Selene Finance, Defendant NewRez, LLC dba Shellpoint Mortgage Servicing, Defendant Target Corporation, and Defendant US Bank, N.A. (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

§ 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      Plaintiff is a natural person and a citizen of the State of Florida, residing in Polk County, Florida.

5.      Defendant TransUnion, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

6.      Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

7.      Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32301-2525.

8.     Defendant Selene Finance ("Defendant Creditor or "Selene") is a Delaware corporation whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9.     Defendant NewRez, LLC dba Shellpoint Mortgage Servicing ("Defendant Creditor" or "Shellpoint") is a Delaware limited liability company, whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10.     Defendant US Bank, N.A. ("Defendant Creditor" or "US Bank") is a Florida  Corporation, whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## Summary

11.     This action involves inaccurate derogatory reporting of credit accounts (the "Account" or the "Accounts") furnished by Selene Finance (Selene), NewRez, LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), Target Corporation ("Target"), US Bank, N.A., ("US Bank") as well as, unauthorized credit inquiries, and inaccurate personal information, such as incorrect names that were or are still being reported to Plaintiff's credit profile with the Credit Reporting Agencies (the "CRAs") TransUnion, Experian, and Equifax. Plaintiff contends that the reporting of the Accounts is inaccurate because the derogatory reporting is inaccurate. Despite multiple disputes submitted to Defendants TransUnion, Experian, and Equifax, the disputes were not properly investigated, and the Defendants continued to update inaccurate and derogatory reporting of the Accounts with TransUnion, Experian, and Equifax credit reports.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

12.      Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

13.     Defendant TransUnion has prepared and issued consumer credit reports concerning Plaintiff.

14.     In or about July 2021, Plaintiff discovered inaccurate derogatory

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reporting related to her Selene Financial account on her TransUnion credit report.

15.     Plaintiff submitted four written disputes between  September 4, 2021, and July 22, 2022, based on the fact that the derogatory reporting account was incorrect. In fact, in July 2022, Defendant Selene acknowledged in writing the erroneous reporting of late payments to Plaintiff's account.

16.     In response to the Disputes, TransUnion promptly and properly gave notice to Defendant Selene Financial of the Dispute in accordance with the FCRA.

17.     TransUnion responded to each dispute by verifying that the Selene Financial reporting was accurate. The inaccurate Selene Financial reporting remains on the TransUnion credit report.

18.     In or about July 2021, Plaintiff discovered inaccurate derogatory reporting related to her NewRez, LLC dba Shellpoint Mortgage Servicing ("Shellpoint") account on her TransUnion credit report.

19.     Plaintiff submitted four written disputes between  September 4, 2021, and June 22, 2022, based on the fact that the derogatory reporting account was incorrect. In fact, on June 29, 2022, Defendant Shellpoint acknowledged in writing that the reporting of late payments to Plaintiff's account was in error.

20.     In response to the Dispute, TransUnion promptly and properly gave notice to Defendant Shellpoint of the Dispute in accordance with the FCRA.

21.     TransUnion responded to each dispute by verifying that the Shellpoint

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reporting was accurate. The inaccurate Shellpoint reporting remains on the TransUnion credit report.

22.    In or about November 2021, Plaintiff discovered inaccurate derogatory reporting related to her Target account on her TransUnion credit report.

23.    Plaintiff submitted a written dispute on November 4, 2021, and April 1, 2022, based on the fact that the derogatory reporting account was incorrect.

24.    In response to the Disputes, TransUnion promptly and properly gave notice to Defendant Target of the Dispute in accordance with the FCRA.

25.    TransUnion responded to each dispute by verifying that the Target reporting of was accurate. The inaccurate Target reporting remains on the TransUnion credit report.

26.    In or about September 2021, Plaintiff discovered inaccurate personal information including variations of her name.

27.    Plaintiff submitted four written disputes between September 4, 2021, and July 22, 2022, based on the inaccurate personal information on her TransUnion report.

28.    In response to the Disputes, TransUnion failed to remove the inaccurate name variations.

29.    In or about September 2021, Plaintiff discovered unauthorized credit inquiries on her TransUnion report.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

30.    Plaintiff submitted four written disputes between September 4, 2021, and July 22, 2022, based on the unauthorized credit inquiries on her TransUnion report.

31.    In response to the Disputes, TransUnion failed to remove the unauthorized credit inquiries.

32.    TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

33.    TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

34.    Despite receiving Plaintiff's disputes, the fact that Plaintiff does not owe any amount to Creditors, that Plaintiff did not authorize certain credit inquiries, and that personal information is reported incorrectly,  and TransUnion continued to negatively report Plaintiff's account.

35.    Continuing to report the derogatory status of Plaintiff's account, unauthorized credit inquiries, and inaccurate personal information in this fashion is significant.

36.    By continuing to report the status of Plaintiff's account in this fashion,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

37.   Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

38.   TransUnion failed to conduct a reasonable investigation and reinvestigation.

39.   TransUnion failed to review and consider all relevant information submitted by Plaintiff.

40.   TransUnion failed to conduct an independent investigation and, instead, deferred to the Creditors despite the evidence and/or information Plaintiff provided to it (TransUnion).

41.   TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, TransUnion failed to correct the information.

42.   TransUnion's reporting of inaccurate information about the Accounts, which is the subject of the Dispute, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, chose to parrot the information it (TransUnion) received from Defendant Creditors despite being in possession of evidence that the information was inaccurate.

44.     Without any explanation or reason, TransUnion continued to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

45.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

46.     On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

47.     TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

48.     TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

49.     TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the  continual placement of inaccurate information into the credit report of Plaintiff after being advised  by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that  Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion  had reason to believe was inaccurate before including it in the credit report of the consumer.

50.     The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

51.     Plaintiff is entitled to recover reasonable costs and attorney's fees from

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

52.    The appearance of the accounts on Plaintiff's credit report, namely, the accounts, and unauthorized credit inquiries identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

53.    As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

54.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant TransUnion)

55.    Plaintiff incorporates paragraphs 1 - 54 by reference of this Complaint.

56.    On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

57.    On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

58.    On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

59.    Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

60.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c]

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

61.     The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

62.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

63.     As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

embarrassment of credit denial.

64.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

65.    Plaintiff incorporates paragraphs 1-11 and by reference of this Complaint.

66.    Defendant Experian has prepared and issued consumer credit reports concerning Plaintiff.

67.    In or about July 2021, Plaintiff discovered inaccurate derogatory reporting related to her Selene Financial account on her Experian credit report.

68.    Plaintiff submitted four written disputes between  September 4, 2021, and July 22, 2022, based on the fact that the derogatory reporting account was incorrect.

69.    In response to the Disputes, Experian promptly and properly gave notice to Defendant Selene Financial of the Dispute in accordance with the FCRA.

70.    Experian responded to each dispute by verifying that the Selene

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Financial reporting was accurate. The inaccurate Selene Financial reporting remains on the Experian credit report.

71.    In or about July 2021, Plaintiff discovered inaccurate derogatory reporting related to her NewRez, LLC dba Shellpoint Mortgage Servicing ("Shellpoint") account her Experian credit report.

72.    Plaintiff submitted four written disputes between  September 4, 2021, and July 22, 2022, based on the fact that the derogatory reporting account was incorrect.

73.    In response to the Dispute, Experian promptly and properly gave notice to Defendant Shellpoint of the Dispute in accordance with the FCRA.

74.    Experian responded to each dispute by verifying that the Shellpoint reporting was accurate. The inaccurate Shellpoint reporting remains on the Experian credit report.

75.    In or about November 2021, Plaintiff discovered inaccurate derogatory reporting related to her Target account on her Experian credit report.

76.    Plaintiff submitted a written dispute on November 4, 2021, and April 1, 2022, based on the fact that the derogatory reporting account was incorrect.

77.    In response to the Disputes, Experian promptly and properly gave notice to Defendant Target of the Dispute in accordance with the FCRA.

78.    Experian responded to each dispute by verifying that the Target

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reporting of was accurate. The inaccurate Target reporting remains on the Experian credit report.

79.   In or about September 2021, Plaintiff discovered inaccurate personal information including variations of her name.

80.   Plaintiff submitted four written disputes between September 4, 2021, and July 22, 2022, based on the inaccurate personal information on her Experian report.

81.   In response to the Disputes, Experian failed to remove the inaccurate name variations.

82.   In or about September 2021, Plaintiff discovered unauthorized credit inquiries on her Experian report.

83.   Plaintiff submitted four written disputes between September 4, 2021, and July 22, 2022, based on the unauthorized credit inquiries on her Experian report.

84.   In response to the Disputes, Experian failed to remove the unauthorized credit inquiries.

85.   Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

86.   Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to third parties.

87.     Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Defendant Creditors, Experian continues to report Plaintiff's account inaccurately and as "Potentially Negative."

88.     Continuing to report the status of Plaintiff's account in this fashion is significant.

89.     By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

90.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

91.     Experian failed to conduct a reasonable investigation and reinvestigation.

92.     Experian failed to review and consider all relevant information submitted by Plaintiff.

93.     Experian failed to conduct an independent investigation and, instead, deferred to Defendant Creditors despite the evidence and/or information Plaintiff provided to it (Experian).

94.     Experian possessed evidence that the information was inaccurate as

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

described by Plaintiff in the Disputes; however, Experian failed to correct the information.

95.    Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

96.    Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, chose to parrot the information it (Experian) received from Defendant Creditors despite being in possession of evidence that the information was inaccurate.

97.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff relating to the Target account, credit inquiries and personal information. Experian removed the derogatory reporting of the Selene and Shellpoint accounts in June 2022.

98.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

99.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff.

100.   Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

101.   Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

102.   Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

103.    The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

104.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

105.    The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

106.    As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

107.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1]

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

108.   Plaintiff incorporates paragraphs 1-11 and 65-107 by reference of this Complaint.

109.   On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

110.   On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

111.   On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate information.

112.   Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

113.   Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

114.   The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

115.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

116.   As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

117.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 5
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

118.   Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

119.   Defendant Equifax has prepared and issued consumer credit reports concerning Plaintiff.

120.   In or about July 2021, Plaintiff discovered inaccurate derogatory reporting related to her Selene Financial account on her Equifax credit report.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

121.   Plaintiff submitted four written disputes between  September 4, 2021, and July 22, 2022, based on the fact that the derogatory reporting account was incorrect.

122.   In response to the Disputes, Equifax promptly and properly gave notice to Defendant Selene Financial of the Dispute in accordance with the FCRA.

123.   Equifax responded to each dispute by verifying that the Selene Financial reporting was accurate. The inaccurate Selene Financial reporting remains on the Equifax credit report.

124.   In or about July 2021, Plaintiff discovered inaccurate derogatory reporting related to her NewRez, LLC dba Shellpoint Mortgage Servicing ("Shellpoint") account her Equifax credit report.

125.   Plaintiff submitted four written disputes between  September 4, 2021, and July 22, 2022, based on the fact that the derogatory reporting account was incorrect.

126.   In response to the Dispute, Equifax promptly and properly gave notice to Defendant Shellpoint of the Dispute in accordance with the FCRA.

127.   Equifax responded to each dispute by verifying that the Shellpoint reporting was accurate. The inaccurate Shellpoint reporting remains on the Equifax credit report.

128.   In or about November 2021, Plaintiff discovered inaccurate derogatory

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reporting related to her Target account on her Equifax credit report.

129.  Plaintiff submitted written disputes on November 4, 2021, and April 1, 2022, based on the fact that the derogatory reporting account was incorrect.

130.  In response to the Disputes, Equifax promptly and properly gave notice to Defendant Target of the Dispute in accordance with the FCRA.

131.  Equifax responded to each dispute by verifying that the Target reporting of was accurate. The inaccurate Target reporting remains on the Equifax credit report.

132.  In or about September 2021, Plaintiff discovered inaccurate personal information including variations of her name.

133.  Plaintiff submitted four written disputes between September 4, 2021, and July 22, 2022, based on the inaccurate personal information on her Equifax report.

134.  In response to the Disputes, Equifax failed to remove the inaccurate name variations.

135.  In or about September 2021, Plaintiff discovered unauthorized credit inquiries on her Equifax report.

136.  Plaintiff submitted four written disputes between September 4, 2021, and July 22, 2022, based on the unauthorized credit inquiries on her Equifax report.

137.  In response to the Disputes, Equifax failed to remove the unauthorized

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

credit inquiries.

138.    Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

139.    Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

140.    Despite receiving Plaintiff's dispute and the fact that Plaintiff does not owe the amount reported by Defendant Creditors, Equifax continues to report Plaintiff's account inaccurately and as "Potentially Negative."

141.    Continuing to report the status of Plaintiff's account in this fashion is significant.

142.    By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

143.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

144.    Equifax    failed    to    conduct    a    reasonable    investigation    and reinvestigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

145. Equifax failed to review and consider all relevant information submitted by Plaintiff.

146. Equifax failed to conduct an independent investigation and, instead, deferred to Defendant Creditors despite the evidence and/or information Plaintiff provided to it (Equifax).

147. Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

148. Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

149. Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, chose to parrot the information it (Equifax) received from Defendant Creditors despite being in possession of evidence that the information was inaccurate.

150. Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

151. Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

152.   On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

153.   Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

154.   Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

155.   Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure  to follow reasonable procedures to assure the maximum possible accuracy of the information  reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a  reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and  derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly  and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

156.   The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

157.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

158.   The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

159.   As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

160.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment  against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant  to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence  in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such,  punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees  pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems  appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

161.   Plaintiff incorporates paragraphs 1-11 and 118-160 by reference of this Complaint.

162.   On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

163.   On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

164. On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

165. Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

166. Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

167.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

168.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

169.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

170.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Selene)

171.    Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

172.    Defendant Selene is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

173.   On a date better known by the Defendant Selene, the CRAs promptly and properly gave notice to Defendant Selene of Plaintiff's disputes in accordance with the FCRA.

174.   In response to the notices received from the CRAs regarding Plaintiff's disputes, Defendant Selene did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Disputes.

175.   In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant Selene failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Selene could not otherwise verify.

176.   Instead of conducting a reasonable investigation, Defendant Selene erroneously validated the Account, and reported and continues  to report inaccurate information to the CRAs TransUnion, Equifax, and Experian.

177.   On at least one occasion within the past year, by example only and without limitation, Defendant Selene violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

178.   On at least one occasion within the past year, by example only and without limitation, Defendant Selene violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

179.   On at least one occasion within the past year, by example only and without limitation, Defendant Selene violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

180.   Upon information and belief, Defendant Selene was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

181.   When Defendant Selene received notice of Plaintiff's dispute from Experian, Defendant Selene could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

182.   Defendant Selene would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Selene had reviewed its own systems and previous communications with the Plaintiff.

183.   Defendant Selene's investigation was per se deficient by reason of these failures on Defendant Selene's investigation of Plaintiff's disputes.

184.   As a direct and proximate result of Defendant Selene's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and  other related impairments

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

185.    Defendant Selene's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

186.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Selene, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Selene)

187.    Plaintiff incorporates paragraphs 1-11 and 171-186 by reference of this Complaint.

188.    On at least one occasion within the past year, by example only and without limitation, Defendant Selene violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Information.

189.   On one or more occasions within the past year, by example only and without limitation, Defendant Selene violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

190.   On one or more occasions within the past year, by example only and without limitation, Defendant Selene violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

191.   When Defendant Selene received notice of Plaintiff's dispute from Experian, Defendant Selene could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

192.   Defendant Selene would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Selene had reviewed its own systems and previous communications with the Plaintiff.

193.   Defendant Selene's investigation was per se deficient by reason of these failures on Defendant Selene's investigation of Plaintiff's dispute.

194.   As a direct and proximate result of Defendant Selene's violations of § 1681s-2(b),   Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

195.   Defendant Selene's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

196.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Selene, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 9
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Shellpoint)

197.   Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

198.   Defendant Shellpoint is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

199.   On a date better known by the Defendant Shellpoint, the CRAs

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

promptly and properly gave notice to Defendant Shellpoint of Plaintiff's disputes in accordance with the FCRA.

200.   In response to the notices received from the CRAs regarding Plaintiff's disputes, Defendant Shellpoint did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Disputes.

201.   In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant Shellpoint failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Shellpoint could not otherwise verify.

202.   Instead of conducting a reasonable investigation, Defendant Shellpoint erroneously validated the Account, and reported and continues  to report inaccurate information to the CRAs TransUnion, Equifax, and Experian.

203.   On at least one occasion within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

204.   On at least one occasion within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

205.   On at least one occasion within the past year, by example only and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

206.   Upon information and belief, Defendant Shellpoint was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

207.   When Defendant Shellpoint received notice of Plaintiff's dispute from Experian, Defendant Shellpoint could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

208.   Defendant Shellpoint would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Shellpoint had reviewed its own systems and previous communications with the Plaintiff.

209.   Defendant Shellpoint's investigation was per se deficient by reason of these failures on Defendant SHELLPOINT's investigation of Plaintiff's disputes.

210.   As a direct and proximate result of Defendant Shellpoint's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and  other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

211.    Defendant Shellpoint's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

212.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Shellpoint, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 10
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Shellpoint)

213.    Plaintiff incorporates paragraphs 1-11 and 197-212 by reference of this Complaint.

214.    On at least one occasion within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

215.   On one or more occasions within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

216.   On one or more occasions within the past year, by example only and without limitation, Defendant Shellpoint violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

217.   When Defendant Shellpoint received notice of Plaintiff's dispute from Experian, Defendant Shellpoint could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

218.   Defendant Shellpoint would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Shellpoint had reviewed its own systems and previous communications with the Plaintiff.

219.   Defendant Shellpoint's investigation was per se deficient by reason of these failures on Defendant Shellpoint's investigation of Plaintiff's dispute.

220.   As a direct and proximate result of Defendant Shellpoint's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

221.   Defendant Shellpoint's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

222.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Shellpoint, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 11
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Target)

223.   Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

224.   Defendant Target is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

225.   On a date better known by the Defendant Target, the CRAs promptly and properly gave notice to Defendant Target of Plaintiff's disputes in accordance

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

with the FCRA.

226.   In response to the notices received from the CRAs regarding Plaintiff's disputes, Defendant Target did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Disputes.

227.   In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant Target failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Target could not otherwise verify.

228.   Instead of conducting a reasonable investigation, Defendant Target erroneously validated the Account, and reported and continues to report inaccurate information to the CRAs TransUnion, Equifax, and Experian.

229.   On at least one occasion within the past year, by example only and without limitation, Defendant Target violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

230.   On at least one occasion within the past year, by example only and without limitation, Defendant Target violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

231.   On at least one occasion within the past year, by example only and without limitation, Defendant Target violated 15 U.S.C. § 1681s-2(b)(1)(E) by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failing to delete the inaccurate information.

232.    Upon information and belief, Defendant Target was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

233.    When Defendant Target received notice of Plaintiff's dispute from Experian, Defendant Target could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

234.    Defendant Target would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Target had reviewed its own systems and previous communications with the Plaintiff.

235.    Defendant Target's investigation was per se deficient by reason of these failures on Defendant Target's investigation of Plaintiff's disputes.

236.    As a direct and proximate result of Defendant Target's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and  other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

rejection.

237.    Defendant Target's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

238.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Target, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Target)

239.    Plaintiff incorporates paragraphs 1-11 and 223-238 by reference of this Complaint.

240.    On at least one occasion within the past year, by example only and without limitation, Defendant Target violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

241.    On one or more occasions within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant Target violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

242.   On one or more occasions within the past year, by example only and without limitation, Defendant Target violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

243.   When Defendant Target received notice of Plaintiff's dispute from Experian, Defendant Target could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

244.   Defendant Target would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant Target had reviewed its own systems and previous communications with the Plaintiff.

245.   Defendant Target's investigation was per se deficient by reason of these failures on Defendant Target's investigation of Plaintiff's dispute.

246.   As a direct and proximate result of Defendant Target's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

247.    Defendant Target's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

248.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Target, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 13
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant US Bank)

249.    Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

250.    Defendant US Bank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

251.    On a date better known by the Defendant US Bank, the CRAs promptly and properly gave notice to Defendant US Bank of Plaintiff's disputes in accordance with the FCRA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

252.   In response to the notices received from the CRAs regarding Plaintiff's disputes, Defendant US Bank did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Disputes.

253.   In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant US Bank failed to correct and/or delete information they knew to be inaccurate and/or which Defendant US Bank could not otherwise verify.

254.   Instead of conducting a reasonable investigation, Defendant US Bank erroneously validated the Account, and reported and continues  to report inaccurate information to the CRAs TransUnion, Equifax, and Experian.

255.   On at least one occasion within the past year, by example only and without limitation, Defendant US Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

256.   On at least one occasion within the past year, by example only and without limitation, Defendant US Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

257.   On at least one occasion within the past year, by example only and without limitation, Defendant US Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

258.   Upon information and belief, Defendant US BANK was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

259.   When Defendant US Bank received notice of Plaintiff's dispute from Experian, Defendant US Bank could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

260.   Defendant US Bank would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant US Bank had reviewed its own systems and previous communications with the Plaintiff.

261.   Defendant US Bank's investigation was per se deficient by reason of these failures on Defendant US Bank's investigation of Plaintiff's disputes.

262.   As a direct and proximate result of Defendant US Bank's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and  other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

263.    Defendant US Bank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

264.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant US Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 14
## <u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>
(Against Defendant US Bank, N.A. ("US Bank"))

265.    Plaintiff incorporates paragraphs 1-11 and 249-264 by reference of this Complaint.

266.    On at least one occasion within the past year, by example only and without limitation, Defendant US Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

267.    On one or more occasions within the past year, by example only and

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, Defendant US Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

268.   On one or more occasions within the past year, by example only and without limitation, Defendant US Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

269.   When Defendant US Bank received notice of Plaintiff's dispute from Experian, Defendant US Bank could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

270.   Defendant US Bank would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant US Bank had reviewed its own systems and previous communications with the Plaintiff.

271.   Defendant US Bank's investigation was per se deficient by reason of these failures on Defendant US Bank's investigation of Plaintiff's dispute.

272.   As a direct and proximate result of Defendant US Bank's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

273.    Defendant US Bank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

274.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant US Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated:  August 16, 2022

                                                   Respectfully Submitted,
                                                    /s/ Jennifer G. Simil
                                                   **JENNIFER G. SIMIL, ESQ.**
                                                   Florida Bar No.: 1018195
                                                   E-mail:      jen@jibraellaw.com
                                                   **JIBRAEL S. HINDI, ESQ.**
                                                   Florida Bar No.: 118259
                                                   E-mail:      jibrael@jibraellaw.com
                                                   The Law Offices of Jibrael S. Hindi
                                                   110 SE 6th Street, Suite 1744
                                                   Fort Lauderdale, Florida 33301
                                                   Phone:      954-907-1136
                                                   *COUNSEL FOR PLAINTIFF*