UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

Dora A. Martinez,                                                                No. 8:22-cv-01873-TPB-CPT

                          Plaintiff,

              v.

Transunion; et al.,

                          Defendants.

---

### DEFENDANT TARGET CORPORATION'S
### MOTION FOR DISMISSAL

---

Defendant Target Corporation respectfully moves this Court for dismissal as to Ms. Martinez's claims against Target (counts 11–12) under the Fair Credit Reporting Act. Target makes this motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### Relief Requested

Target seeks a dismissal under Rule 12(b)(6) as to Ms. Martinez's claims against Target (counts 11–12) under the Fair Credit Reporting Act.

### Basis for Relief Requested

This motion is made on these grounds:

    I.      A complaint against a furnisher under the Fair Credit Reporting Act must involve an alleged inaccuracy.

II. Ms. Martinez's complaint fails to state a claim because it does not allege a factual inaccuracy in any information that Target was furnishing.

III. Ms. Martinez's complaint does not give fair notice of her claims against Target because it does not allege which credit-reporting dispute gives rise to those claims.

**Contents**

Issues .................................................................................................................................4

Facts ..................................................................................................................................4

Legal Standard ..................................................................................................................6

Memoramdum of Legal Authority....................................................................................6

I.    A complaint against a furnisher under the Fair Credit Reporting Act must involve an alleged inaccuracy. ............................................................................................7

II.   Ms. Martinez's complaint fails to state a claim because it does not allege a factual inaccuracy in any information that Target was furnishing. .....................................9

III.  Ms. Martinez's complaint does not give fair notice of her claims against Target because it does not allege which credit-reporting dispute gives rise to those claims. ...................................................................................................................12

Conclusion .......................................................................................................................13

**Issues**

1. A complaint against a furnisher under the Fair Credit Reporting Act must involve an alleged inaccuracy. Ms. Martinez's complaint does not allege a factual inaccuracy in any information that Target was furnishing. Does the complaint state a claim upon which relief can be granted?

2. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Ms. Martinez's complaint does not allege which credit-reporting dispute gives rise to her claims against Target. Does the complaint give fair notice of those claims?

**Facts**

On a motion for dismissal under Rule 12(b), the court "must assume the truth of the material facts as alleged in the complaint." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005) (quoting *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991)). Ms. Martinez's claims against Target therefore consist of the factual allegations in her complaint.

The court need not accept "conclusions of law," *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974), or "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts," even when pleaded as factual allegations. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., LTarget. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.

2002)); *accord Berry v. Coleman*, 172 Fed. App'x 929, 932 (11th Cir. 2006). A court must likewise disregard "[u]nsupported conclusions of law or of mixed fact and law" — even when pleaded as factual allegations. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Such allegations "will not prevent dismissal," *Oxford Asset Mgmt., LTarget. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002): "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d at 1263. And a court "need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reins. Co. v. Congressional Mortgage Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

      Moreover, a court on a motion for dismissal may take into account a defense that appears from the complaint itself. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground"); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense . . . appears on the face of the complaint." (citing *Jones*)); *LeFrere v. Quezada*, 582 F.3d 1260, 1263 (11th Cir. 2009). The court need not "ignore facts set forth in the complaint that undermine the plaintiff's claims." *Richardson v. DSW, Inc.*, No. 05 C 4599, 2005 U.S. Dist. LEXIS 26750, at *4 (N.D. Ill. Nov. 3, 2005) (citing *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir. 1992)).

## Legal Standard

To survive a motion for dismissal for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Twombly*, 550 U.S. at 555–56. A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff has not "nudged [her] claims across the line from conceivable to plausible," then dismissal is mandatory. *Twombly*, 550 U.S. at 570.

## Memorandum of Legal Authority

Ms. Martinez claims that Target violated the Fair Credit Reporting Act because, in response to a credit-reporting dispute, Target allegedly "failed . . . to conduct a reasonable investigation into the Account which is the subject of the Disputes," "failed to correct and/or delete information they knew to be inaccurate and/or which Defendant Target could not otherwise verify," and "erroneously validated the Account, and reported and continues to report inaccurate information to the CRAs TransUnion, Equifax, and Experian." (Compl. [ECF Doc. 1], ¶¶ 226–28 at 43.) She also claims that Target violated the Act "by failing to conduct a reasonable investigation with respect to the disputed Information," "by failing to review all relevant information provided by the consumer

reporting agencies," and "by failing to delete the Inaccurate information." (*Id.*, ¶¶ 240–42 at 45–46 (capitalization in original).)

I. **A complaint against a furnisher under the Fair Credit Reporting Act must involve an alleged inaccuracy.**

Congress, finding that "[a]n elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers," 15 U.S.C. § 1681(a)(2), has extensively and exhaustively regulated the credit-granting and consumer-credit-reporting industries. To impose uniform nationwide standards on the industry, Congress enacted the Fair Credit Reporting Act. Fair Credit Reporting Act, Pub. L. No. 91-508, 84 Stat. 1127 (1970) (codified at 15 U.S.C. ch. 42, subch. III, §§ 1681–81x). The Act regulates both consumer reporting agencies, *see* 15 U.S.C. § 1681(a)(3)–(4), and creditors who furnish information to them, *see* 15 U.S.C. § 1681s-2 (responsibilities of furnishers of information to consumer reporting agencies). The Act establishes a detailed scheme by which a consumer can dispute any information that is being reported to a consumer reporting agency. *See* 15 U.S.C. § 1681i (procedure in case of disputed accuracy). The Act likewise sets forth detailed steps that a furnisher must take in case of such a dispute. *See* 15 U.S.C. § 1681s-2(b) (duties of furnishers of information upon notice of dispute).

As a threshold matter, however, a dispute must involve "the completeness or accuracy" of information that the furnisher is providing to a consumer reporting agency: "To trigger the furnisher's responsibilities under § 1681s-2(b), a credit reporting agency must have notified the furnisher of a dispute about the inaccuracy of the credit report."

*Walton v. Bank of Am.*, No. 1:11-cv-685-SEB-DML, 2012 U.S. Dist. LEXIS 21206, at *8 (S.D. Ind. Feb. 17, 2012). A consumer suing a furnisher therefore "must make a 'prima facie showing of inaccurate reporting'" in the complaint. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Dennis v. BEH-I, LLC*, 520 F.3d 1066, 1069 (9th Cir. 2008)); *accord Hunt v. JPMorgan Chase Bank, N.A.*, 770 F. App'x 452, 458 (11th Cir. 2019) ("A plaintiff must show a factual inaccuracy rather than the existence of disputed legal questions to bring suit against a furnisher under § 1681s-2(b)."); *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 629 (6th Cir. 2018) ("a threshold showing of inaccuracy or incompleteness is necessary in order to succeed on a claim under § 1681s-2(b)"). The threshold showing that a consumer plaintiff must make is "some fact . . . establishing that the information [the furnisher defendant] reported regarding [the consumer plaintiff's] account was inaccurate or incomplete." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1313 (11th Cir. 2018); *accord McWhorter v. Transunion, LLC*, No. 1:12-cv-01753-SDG-LTW, 2021 U.S. Dist. LEXIS 257529, at *17–18 (N.D. Ga. Aug. 16, 2021) ("to state an FCRA claim Plaintiff must allege that the disputed information was actually 'inaccurate or incomplete'"); *Kahalani v. Experian Info. Solutions, Inc.*, No. 20-cv-81018-MIDDLEBROOKS, 2020 U.S. Dist. LEXIS 263897, at *5 (S.D. Fla. Dec. 29, 2020) (dismissing complaint with prejudice because "Plaintiff has failed to allege a factual inaccuracy in the reported information to support his FCRA claims"); *Santessi v. Experian Info. Solutions, Inc.*, No. 20-cv-22689-ALTONAGA/Goodman, 2020 U.S. Dist. LEXIS 198832, at * (S.D. Fla. Oct. 26, 2020) (dismissing complaint because "Plaintiff fails to allege a factual inaccuracy").

II. **Ms. Martinez's complaint fails to state a claim because it does not allege a factual inaccuracy in any information that Target was furnishing.**

Ms. Martinez's complaint nowhere identifies any particular "information" whose "completeness or accuracy" she disputed. The complaint repeatedly refers to "disputed information" and "inaccurate information," both with respect to Ms. Martinez's claims against Target, (Compl. [ECF Doc. 1], ¶¶ 228–29 at 43; *id.*, 231 at 44; *id.*, 240 at 45; *id.*, ¶ 242 at 46), and with respect to her claims against other Defendants, (*id.*, ¶ 42 at 8; *id.*, ¶ 49 at 10; *id.*, ¶¶ 56–58 at 12; *id.*, ¶ 60 at 12–13; *id.*, ¶ 95 at 18; *id.*, ¶ 100 at 19; *id.*, ¶¶ 109–11 at 21–22; *id.*, ¶ 113 at 22; *id.*, ¶ 148 at 27; *id.*, ¶ 155 at 28; *id.*, ¶¶ 162–64 at 30–31; *id.*, ¶ 166 at 31; *id.*, ¶¶ 176–77 at 33; *id.*, ¶ 179 at 34; *id.*, ¶ 188 at 35–36; *id.*, ¶ 190 at 36; *id.*, ¶¶ 202–03 at 38; *id.*, ¶ 205 at 39; *id.*, ¶ 214 at 40; *id.*, ¶ 216 at 41; *id.*, ¶¶ 254–55 at 48; *id.*, ¶ 257; *id.*, ¶ 266 at 50; *id.*, ¶ 268 at 51). Sometimes the complaint even capitalizes one of the words, as if the terms were defined terms with a consistent meaning. (*See id.*, ¶ 57 at 12 ("disputed Information"); *id.*, ¶ 110 at 21 ("disputed Information"); *id.*, ¶ 163 ("disputed Information"); *id.*, ¶ 188 at 35–36 ("disputed Information"); *id.*, ¶ 190 at 36 ("Inaccurate information"); *id.*, ¶ 214 at 40 ("disputed Information"); *id.*, ¶ 216 at 41 ("Inaccurate information"); *id.*, ¶ 240 at 45 ("disputed Information"); *id.*, ¶ 242 at 46 ("Inaccurate information"); *id.*, ¶ 266 at 50 ("disputed Information"); *id.*, ¶ 268 at 51 ("Inaccurate information".) But the complaint nowhere alleges what "information" was disputed or inaccurate, let alone how any such information's "completeness or accuracy" fell short.

As this Court (with Judge Antoon presiding) recently explained, "that a consumer's information was actually inaccurate is an element of a claim under section 1681s-2(b)." *Bell v. Equifax Info. Servs., LLC*, No. 5:21-cv-543-JA-PRL, 2022 U.S. Dist. LEXIS 124563, at *3 (M.D. Fla. July 14, 2022) (quoting *Diaz v. Equifax Info. Servs., LLC*, No. 2:20-cv-437-JLB-MRM, 2021 U.S. Dist. LEXIS 128765, at *11 (M.D. Fla. Feb. 19, 2021)). An allegation of inaccuracy cannot be merely a legal conclusion: a claim against a furnisher "cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete." *Leones v. Rushmore Loan Mgmt. Servs., LLC*, 749 F. App'x 897, 901 (11th Cir. 2018); *accord Brown v. Trans Union, LLC*, No. 8:21-cv-2371-VMC-JSS, 2022 U.S. Dist. LEXIS 20771, at *6 (M.D. Fla. Feb. 4, 2022) (granting judgment on the pleadings, dismissing claim with prejudice).

The complaint does give one example of allegedly "inaccurate derogatory reporting":

> This action involves inaccurate derogatory reporting of credit accounts (the "Account" or the "Accounts") furnished by Selene Finance (Selene), NewRez, LLC dba Shellpoint Mortgage Servicing ("Shellpoint"), Target Corporation ("Target"), US Bank, N.A., ("US Bank") as well as, unauthorized credit inquiries, and inaccurate personal information, such as incorrect names that were or are still being reported to Plaintiff's credit profile with the Credit Reporting Agencies (the "CRAs") TransUnion, Experian, and Equifax.

(Compl. [ECF Doc. 1], ¶ 11 at 4.) But that single allegation, with its use of the phrase "as well as," suggests that the "unauthorized credit inquiries, and inaccurate personal information, such as incorrect names" were *not* coming from any of the four listed furnisher Defendants. (Moreover, an unauthorized credit inquiry would likely be reported

by a consumer reporting agency, not a creditor–furnisher.) And if the allegation is suggesting that the furnisher Defendants were involved, then it doesn't say which furnisher, and is therefore an instance of shotgun pleading. A complaint that lumps multiple defendants together is shotgun pleading, which violates the rules and the defendants' rights. The Court of Appeals for the Eleventh Circuit has repeatedly and strongly condemned shotgun pleading. Last month, the Eleventh Circuit again spelled out what shotgun pleading is and why it violates the rules and the defendants' rights:

> Shotgun pleadings can take various forms. *See id.* at 1321–23 (identifying four types of shotgun pleadings). "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. We "have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Id.*

*Anderson v. Ahluwalia*, No. 22-10961, 2022 U.S. App. LEXIS 21849, at *4–5 (11th Cir. Aug. 8, 2022). The forms of shotgun pleading include "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (footnotes omitted).

A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Without knowing what information was allegedly inaccurate, Target lacks "fair notice" of Ms. Martinez's claims and their factual basis, and cannot meaningfully defend itself against such a vague pleading.

11

III. **Ms. Martinez's complaint does not give fair notice of her claims against Target because it does not allege which credit-reporting dispute gives rise to those claims.**

Ms. Martinez's complaint is equally vague about which credit-reporting dispute or disputes Target allegedly failed to investigate and respond to properly. The two counts that purport to state claims against Target, counts 11–12, each refer specifically to a dispute through Experian: "When Defendant Target received notice of Plaintiff's dispute from Experian, Defendant Target could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation." (Compl. [ECF Doc. 1], ¶ 233 at 44 (count 11); *id.*, ¶ 243 at 46 (count 12, same allegation).) Both count 11 and count 12 refer to "Plaintiff's dispute from Experian," in the singular — even though the complaint alleges that Ms. Martinez submitted written disputes "related to her Target account on her Experian credit report" at least twice, (*id.*, ¶¶ 75–76).

Neither count 11 nor count 12 mentions any other specific credit-reporting dispute, although both counts contain vague allegations about other "notice[s] received from the CRAs" that refer to "disputes" in the plural. (*Id.*, ¶¶ 226–27 at 43; *see also id.*, ¶ 225 at 42 ("the CRAs promptly and properly gave notice to Defendant Target of Plaintiff's disputes").) The complaint does refer to other disputes involving the Target account through the other consumer reporting agencies, without alleging that Target did not properly investigate or respond to those disputes. (*See id.*, ¶¶ 22–25 at 6 (Trans Union); *id.*, ¶¶ 75–78 at 15–16 (Experian); *id.*, ¶ 97 at 19 (Experian); *id.*, ¶¶ 128–31 at 25 (Equifax).) But counts 11 and 12 offer contradictory clues about which dispute or disputes give rise to Ms. Martinez's claims against Target — whether it is only one

12

specific dispute through Experian, multiple disputes through Experian, or disputes through multiple consumer reporting agencies. Counts 11 and 12 say only that the dispute that gives rise to Ms. Martinez's claims occurred—

- "[o]n a date better known by the Defendant Target," (*id.*, 225 at 42);

- "[o]n at least one occasion within the past year," (*id.*, ¶¶ 229–31 at 43; *id.*, ¶ 240 at 45); and

- "[o]n one or more occasions within the past year," (*id.*, ¶¶ 241–42 at 45–46),

So Target is left guessing at which dispute gives rise to Ms. Martinez's claims against it.

## Conclusion

A complaint against a furnisher under the Fair Credit Reporting Act must involve an alleged inaccuracy. Ms. Martinez's complaint fails to state a claim because it does not allege a factual inaccuracy in any information that Target was furnishing. An allegation of inaccuracy cannot be merely a legal conclusion: a claim against a furnisher "cannot survive a motion to dismiss without some supportable allegation that the reported information is inaccurate or incomplete." *Leones v. Rushmore Loan Mgmt. Servs., LLC*, 749 F. App'x 897, 901 (11th Cir. 2018)

Ms. Martinez's complaint also does not give fair notice of her claims against Target because it does not allege which credit-reporting dispute gives rise to those claims. Counts 11 and 12 offer contradictory clues about which dispute or disputes give rise to those claims, so Target is left guessing at which dispute gives rise to them.

Therefore, Target respectfully seeks dismissal as to Ms. Martinez's claims against Target (counts 11–12) under the Fair Credit Reporting Act for failure to state a claim upon which relief can be granted.

September 13, 2022.

BARNES & THORNBURG LLP

/s/ Brian Melendez
_____
Brian Melendez
Fla. Bar No. 0103559
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

in association with

HILL WARD HENDERSON
Sherilee J. Samuel
Fla. Bar No. 017499
3700 Bank of America Plaza
101 East Kennedy Boulevard
Tampa, FL 33602
Ph. 813.221.3900
Fax 813.221.2900
sherilee.samuel@hwhlaw.com